Shawon v. Lynch

BIA
Nelson, IJ
A200 817 282

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of August, two thousand sixteen.

PRESENT:
>        DENNIS JACOBS,
>        DENNY CHIN,
>        RAYMOND J. LOHIER, JR.,
>            *Circuit Judges.*

_____

ANWAR KABIR SHAWON,
>        *Petitioner,*

v.                                                    15-698
                                                      NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          David J. Rodkin, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Russell
                         J.E. Verby, Senior Litigation
                         Counsel; John D. Williams, Trial
                         Attorney, Office of Immigration
                         Litigation, United States

Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Anwar Kabir Shawon, a native and citizen of Bangladesh, seeks review of a February 19, 2015, decision of the BIA affirming a February 27, 2013, decision of an Immigration Judge ("IJ") denying Shawon's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Anwar Kabir Shawon,* No. A200 817 282 (B.I.A. Feb. 19, 2015), *aff'g* No. A200 817 282 (Immig. Ct. N.Y. City Feb. 27, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications like Shawon's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances,"

base a credibility finding on inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. In this case, the agency's adverse credibility finding is supported by substantial evidence.

The BIA affirmed the IJ's adverse credibility determination on the basis of a single discrepancy between Shawon's supplemental statement and his testimony. Shawon's statement reported that Awami League members beat his family as well as himself during an attack on their home in January 2009, but he testified that his family was not harmed. When confronted with this inconsistency, Shawon failed to explain it, merely reiterating that his family was unharmed.

The agency may base its adverse credibility determination on any inconsistency in the record, no matter how minor, as long as "the totality of the circumstances" supports the adverse credibility finding. *Xiu Xia Lin*, 534 F.3d at 163-64. We have upheld an adverse credibility finding made under circumstances similar to Shawon's. See *Majidi v. Gonzales*, 430 F.3d 77 (2d Cir. 2005). Where the agency "identifie[s] a material inconsistency in an aspect of petitioner's story that served

3

as an example of the very persecution from which he sought asylum," the agency's adverse credibility determination is supported by substantial evidence. *Id.* at 81.

Shawon's case is not distinguishable from *Majidi*: Shawon's account differed from his testimony, and he did not try to explain the inconsistency when prompted. This inconsistency concerned "an aspect of [Shawon's] story that served as an example of the very persecution from which he sought asylum." *Id.; see also Xian Tuan Ye v. DHS*, 446 F.3d 289, 294-95 (2d Cir. 2006). Under these circumstances, the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Accordingly, the agency did not err in denying asylum, withholding of removal, and CAT relief because all three forms of relief relied on Shawon's credibility, and were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk